Susan **SRETER** and Alex Sreter as partners in the Van Doren Nursing Home, Plaintiffs-Petitioners,

v.

Charles J. **HYNES, Individually and as the Deputy Attorney General of the State of New York and Director of the Office of the Special State Prosecutor for Health and Social Services, Defendant-Respondent.**

No. 76 C 1350.

United States District Court, E. D. New York.

Aug. 20, 1976.

Howard D. Stave, Forest Hills, N.Y., for plaintiff.

Arthur Friedman, Sp. Asst. Atty. Gen. In-Charge, Long Island Region, State of N.Y., Special State Prosecutor for Nursing Homes, Health & Social Services, Hauppauge, N.Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiffs, mother and son, own a nursing home whose records have been subpoenaed by defendant Hynes, a special prosecutor appointed to investigate the nursing home industry in New York State. Plaintiffs seek to enjoin enforcement of the subpoena claiming that in violation of 42 U.S.C. § 1983 Hynes is depriving them of their constitutional rights under the Fourth, Fifth and Fourteenth Amendments..

Specifically, plaintiffs claim (1) that since their nursing home is operated by a "small family partnership" its records are personal and their compulsory production would violate plaintiffs' Fifth Amendment privilege against self-incrimination (citing *Bellis v. U. S.,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 [1974]); and (2) that production of their records cannot be compelled under the "required records" doctrine (citing *Shapiro v. U. S.,* 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 [1948]; *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 [1967]; *Spevack v. Klein,* 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 [1967]; *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 [1968]; and *Lefkowitz v. Turley,* 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 [1973]).

While it is true that plaintiffs operate the Van Doren Nursing Home as a small family partnership, their attempt in this court to enjoin production of its records under defendant Hynes' subpoena must be denied for several reasons.

■ First, plaintiffs' claim is barred here by *res judicata.* In a special proceeding before the New York State Supreme Court, Queens County, plaintiffs similarly sought to quash this subpoena, but Justice Leahy denied their application by written decision dated July 13, 1976 (*Matter of Application of Van Doren Nursing Home v. Hynes # SP3510* ). No appeal was taken; instead, plaintiffs turned to the federal district court for relief. Including, as it did, identical parties and the same basic claim (invalidity of the subpoena) the state court decision is binding on this court not only as to the Fifth Amendment issue, which was actually argued there, but also as to the Fourth Amendment issue, which was not but could have been asserted in the state court. *Lovely v. Laliberte,* 498 F.2d 1261 (CA 1, 1974); *Frazier v. East Baton Rouge School Board,* 363 F.2d 861 (CA 5, 1966).

■ Even if not barred by *res judicata,* plaintiffs' Fourth Amendment claim has no vitality independent of the Fifth Amendment issue which was squarely met and decided by Justice Leahy. Indeed, the sole argument that plaintiff advances in support

of a claimed unreasonable search and seizure is that a required production of the nursing home records would unconstitutionally violate their Fifth Amendment privilege against self-incrimination. In short, at the heart of the dispute lies plaintiffs' Fifth Amendment claim.

■ Second, even if the broad scope of *res judicata* is inapplicable here, certainly the related doctrine of collateral estoppel would bar plaintiffs from relitigating their key claim of self-incrimination. Plaintiffs began their fight against defendant Hynes in state court, and after losing the first round they decided to try a different forum, rather than appeal to the state's Appellate Division, Second Department. This they may not do, not even under the guise of a § 1983 civil rights action. *Tang v. Appellate Division of N.Y. Supreme Court First Department,* 487 F.2d 138 (CA 2, 1973).

■ Third, even if plaintiffs were not barred from relief here on other grounds, considerations of comity and federalism would lead this court to refrain from interfering with this investigation. The state is attempting to police a business which is one small part of an industry that is strongly affected with the public interest, is the beneficiary of public Medicaid funds, is extensively regulated by the state, and is so much in current disrepute as to cause the Governor of the state to appoint a commissioner to head an official inquiry into nursing home operations (New York State Executive Order No. 2, 9 N.Y. Code of Rules and Regulations § 3.2), and the State Attorney General to appoint defendant as a special prosecutor to inquire into possible criminal violations in the nursing home industry. In such a context, barring special circumstances that are not present here, a federal court should withhold action. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

■ Fourth, absent any of the foregoing considerations, plaintiffs' case would have to fall on the merits. Identical claims

against a subpoena duces tecum against a nursing home were carefully considered and rejected by New York's Court of Appeals in *Sigety v. Hynes,* 38 N.Y.2d 260, 379 N.Y.S.2d 724, 342 N.E.2d 518 (1975). Nothing advanced by plaintiffs here overcomes the force of that persuasive precedent. *Sigety* found no infirmity arising out of Hynes' dual role as investigator and prosecutor (379 N.Y.S.2d at 730–1). Moreover, in considering the same Fifth Amendment claim as plaintiffs urge here the Court of Appeals distinguished *Bellis v. U. S., supra,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678, and *U. S. v. Slutsky,* 352 F.Supp. 1105 (S.D.N.Y.1972), stating:

> "A nursing home is not by its nature a family business which the owners can run in any manner they choose. It falls within the definition of a 'hospital' under section 2801 of the Public Health Law and, as such, is subject to extensive State regulation pursuant to article 28 of said law and title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York. Additionally, a nursing home receiving Medicaid funds must keep and make available to the appropriate State agency records regarding patient care and payments, pursuant to title 42 of the United States Code (§ 1396a, subd. [a], par. [27]). It is for these and similar reasons that a nursing home, albeit family-run, cannot rely on Slutsky." 379 N.Y.S.2d at 732, 342 N.E.2d at 523.

▌ Fifth, even if the records of a nursing home operated by a two man family partnership were otherwise sheltered by the Fifth Amendment from scrutiny by Hynes, plaintiffs' motion would still have to be denied because the subpoenaed documents fall within the "required records" doctrine of *Shapiro v. U. S.,* 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). Because plaintiffs' nursing home is a "hospital" under New York law (Public Health Law § 2801; *Sigety v. Hynes, supra* ) and is the recipient of federal Medicaid payments, it is required by regulations of both the federal government (See, e. g., Social Security Administration, U. S. Department of Health, Education and Welfare, Pub. No. 8 H.I.M. 15, *Medicare*

*Provider Reimbursement Manual,* §§ 2304, 2404.3, 2422.3) and the state government (See, e. g., 10 N.Y. Code of Rules and Regulations §§ 86.4, 86.21(a), 730.3(f)(2), (3), 730.-4(c), 730.6(c), (e), (i), (j), (k), (m), 730.9(c) ) to maintain for audit and inspection by others records of the type subpoenaed here. Moreover, in order to qualify for receipt of Medicaid payments, plaintiffs were required to execute a "Medicaid Provider Agreement" which required plaintiffs, among other things,

> "to keep such records as are fully necessary to disclose the extent of service provided * * * and

> "to furnish the New York State Department of Social Services with such information and regarding any payments claimed by the nursing home for providing such services * * * ".

Under such circumstances it is ludicrous for plaintiffs to claim as they do that their nursing home records are constitutionally sheltered from defendant's subpoena because they are the "personal records" of a "private family business". On the contrary, regardless of the form under which plaintiffs have elected to carry on their nursing home operation, their activity is substantially interwoven with the public interest and the records which they have kept in furtherance of that business and to obtain governmental reimbursement for expenditures, are properly subject to subpoena by the state's special prosecutor who has been specifically authorized to investigate the industry.

The cases relied upon by plaintiffs to avoid application of the "required records" doctrine, *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); *Spevack v. Klein,* 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); *Lefkowitz v. Turley,* 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973), are all inapplicable here. They do not bear on the "required records" doctrine, but instead, deal with the problems of automatic punishments which flow from invocation of the

**550**

Fifth Amendment privilege or from refusal to waive the privilege. Unlike those cases, the question here, if the merits were to be reached, would be whether the compelled material falls within the privilege. This court would hold that it does not.

Accordingly, for any and all of the foregoing reasons, plaintiffs' motion for preliminary injunction against enforcement of defendant's subpoena duces tecum must be denied. In addition, since this court, as noted above, lacks jurisdiction to review state court determinations of federal constitutional questions, *Tang v. Appellate Division of New York Supreme Court First Department, supra,* 487 F.2d at 141; see also *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the complaint, on the court's own motion, should be dismissed.

SO ORDERED.