Duncan MacRAE, individually and as President of the Professional Fire Fighters Association, of White Plains, N.Y., Inc. Local 274. IAFF, AFL–CIO, Kevin Koop, individually and as Vice President of the Professional Fire Fighters Association of White Plains, N.Y., Inc., Local 274, IAFF, AFL–CIO, Walter Ferguson, individually and as President of The Greenville Uniformed Firemen's Association, Local 2093, IAFF, AFL–CIO, Thomas S. Ruffell, Jr., individually and as President of Uniformed Fire Fighter's Association of Pelham Manor, Local 2181, IAFF, Robert Broderick, individually and as President of the Hartsdale Paid Firemen's Benevolent Association, Inc., Local 1761, IAFF, AFL–CIO, Charles W. Tucker, individually and as President of Fairview Professional Firefighters Association, Inc., Local 1586, IAFF, AFL–CIO, Plaintiffs,

v.

Carmine MOTTO, individually and as Deputy Commissioner of Public Safety of the City of White Plains, John Dolce, individually and as Commissioner of Public Safety of the City of White Plains, Richard A. Taylor, individually and as a Detective of the White Plains Police Department of the Department of Public Safety of the City of White Plains, William J. McMahon, individually and as Chief of the White Plains Fire Department of the Department of Public Safety of the City of White Plains, Charles Park, individually and as Chief of Greenville Fire Department of the Greenville Fire District, Patrick F. Mancuso, as Chief of the Pelham Manor Fire Department of the Village of Pelham Manor, Carl A. Vergari, as District Attorney of Westchester County and Jon N. Willcox as an Assistant District Attorney of Westchester County and Affiliated Broadcasts Incorporated, Defendants.

No. 82 Civ. 3348.

United States District Court, S. D. New York.

July 23, 1982.

Grae & Rose, White Plains, N. Y., for plaintiffs Arthur H. Grae, James M. Rose, White Plains, N. Y., of counsel.

Charles A. Bradley, Corp. Counsel, White Plains, N. Y., for defendants Motto, Dolce, Taylor and McMahon; Anthony J. Grant, Joseph W. Henneberry, Sr. Asst. Corp. Counsels, James W. Glatthaar, Asst. Corp. Counsel, White Plains, N. Y., of counsel.

Meighan & Necarsulmer, Mamaroneck, N. Y., for defendant Charles Park; Garrison R. Corwin, Jr., Mamaroneck, N. Y., of counsel.

Jack Kaufmann, New York City, for defendant Patrick F. Mancuso.

Carl A. Vergari, Dist. Atty. of Westchester, White Plains, N. Y., for defendants Carl A. Vergari and Jon N. Willcox; Maryanne Luciano, Asst. Dist. Atty., White Plains, N. Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

In February 1982, plaintiffs, officers and members of firefighters' unions in Westchester County, New York, contracted with Marvella Publications, Inc. ("Marvella") for the publication of a union newspaper, to be known as *The Firefighter's Voice* (the "Newspaper"). Marvella is not a party to this action. It published one issue of the Newspaper dated April, 1982. In response to complaints allegedly received from the public, the defendants, local government officials, conducted an investigation as to whether Marvella and individual firefighters were soliciting and collecting funds from local businesses for the benefit of local firefighters' associations in violation of state law and the rules and regulations of the local fire departments. Various plaintiffs were warned not to solicit funds or they would face disciplinary charges. Pursuant to search warrants, defendant law enforcement officials conducted a search of the offices of Marvella and seized extensive records, including a number pertaining to the Newspaper. According to the office of the District Attorney of Westchester County, prosecution of Marvella is imminent for fund raising without the registration required by state law and with the use of deceptive practices.[1] No threat of prosecu-

---

1. *See* N.Y. Executive Law, Art. 7A (Solicitation and Collection of Funds for Charitable Pur- poses).

tion has been made by the Westchester District Attorney against the plaintiffs. Plaintiffs brought this action pursuant to 42 U.S.C., section 1983, for alleged violations of their First, Fourth and Fourteenth Amendment rights. They seek a preliminary injunction to prevent defendants from interfering with their constitutional rights and the publication of the Newspaper, and from restraining or coercing them because of their relationship with the Newspaper.

Part of the relief sought by plaintiffs is an injunction prohibiting defendants from prosecuting a disciplinary charge pending against plaintiff MacRae. The charge concerns an alleged violation of a work rule of the White Plains Fire Bureau, which requires that after reporting on sick leave, a firefighter not leave his residence until granted permission by the Department Physician.[2] MacRae contends that the rule constituted an unconstitutional infringement of his freedom to travel and that it is his belief that the charge was preferred against him in part because of his involvement with the Newspaper.

■ Whatever the merits of the disciplinary charge, the considerations of comity that preclude federal courts from enjoining pending state criminal proceedings,[3] also apply to these state administrative proceedings.[4] The state policies sought to be vindicated in these proceedings are important: the regulation protects against the abuse of sick leave and thereby protects the public fisc and helps to prevent manpower shortages, which in the case of firefighters could jeopardize the public health and safety. Furthermore, under state law the disciplinary proceedings must be conducted in ac-

cord with procedural safeguards, including the right to representation by counsel and to summon witnesses in one's behalf.[5] MacRae has not been suspended pending the hearing on the disciplinary charge. His counsel acknowledged, in response to the Court's inquiry during oral argument, that MacRae's federal constitutional claims or any other defense to the charges can be presented at the disciplinary hearings. There has been no showing of extraordinary circumstances that would require a court of equity to intervene on MacRae's behalf.

■ So, too, he and the other plaintiffs have failed to establish that they are entitled to any preliminary injunctive relief. They seek to enjoin the defendants from violating their constitutional rights by interfering with the publication of the Newspaper, but they have failed to show the need for a preliminary injunction. The defendants indicate that the specific conduct that is the subject of the police investigation consists of methods used by Marvella to raise funds for the Newspaper. They state the investigation is based upon complaints received from local businessmen of being pressured into taking ads in the Newspaper or making donations to the firefighters and that the methods employed suggest violation of New York State law.[6] The main thrust of the investigation has been directed against Marvella and persons allegedly working with and under its direction.

Inquiry has also been made with respect to firefighters' alleged solicitation of funds in violation of fire district rules and regulations.[7] Various plaintiffs have been notified that in the event of a violation of the fire district rules and regulations they

**2.** Department of Public Safety White Plains Fire Bureau Rules and Manual of Procedure § 54.

**3.** *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

**4.** *See McCune v. Frank*, 521 F.2d 1152, 1157–58 (2d Cir. 1975) (dictum); *Schachter v. Whalen*, 445 F.Supp. 1376 (S.D.N.Y.1978); *Lang v. Ber-*

*ger*, 427 F.Supp. 204 (S.D.N.Y.1977); *Sreter v. Hynes*, 419 F.Supp. 546 (E.D.N.Y.1976).

**5.** N.Y. Civil Service Law § 75(2).

**6.** N.Y. Executive Law, Art. 7–A.

**7.** *E.g.*, Greenville Fire District Rules and Regulations § 6.5–13; *see also* N.Y. Civil Service Law § 75.

would face disciplinary charges. However, plaintiffs not only deny they have engaged in solicitation, but make no contention that they need to solicit in order to publish the Newspaper. Defendants have represented in their affidavits and at oral argument that there are no charges pending nor are any contemplated against the plaintiffs for involvement with *The Firefighter's Voice*. Although Marvella is under investigation for fraudulent solicitation with the prospect of imminent prosecution, this does not prevent plaintiffs from publishing their newspaper. They have not shown that they cannot obtain another publisher or even that they have attempted to do so. Having failed to establish that the actions of defendants inhibit the exercise of their constitutional rights, plaintiffs have failed to establish any irreparable injury, and the motion for a preliminary injunction is denied.

Defendants Vergari and Willcox, respectively District Attorney and an Assistant District Attorney of Westchester County, cross-move to dismiss the complaint as to them. They are named as defendants in two causes of action. The first cause of action alleges that the search of Marvella's offices and the seizure of property from the offices were illegal and violated the plaintiffs' First, Fourth and Fourteenth Amendment rights. The ninth cause of action alleges that Vergari and Willcox, together with other defendants, interfered with plaintiffs' right to publish the Newspaper by causing defendant Affiliated Broadcasts, Inc. to cancel its contract with plaintiffs to advertise the Newspaper on its radio station.

Vergari and Willcox claim that any challenged acts on their part are cloaked with absolute immunity since they intend imminently to commence the formal prosecution against Marvella.[8] While the Supreme Court has not had occasion to pass upon the extent of the absolute immunity of prosecutors under its *Imbler* ruling,[9] our Court of Appeals as well as others have ruled that absolute immunity does not extend to a prosecutor's acts performed in an investigative or administrative capacity.[10] To separate "investigative" from "prosecutorial" conduct, the Second Circuit has endorsed a test based on the functional nature of prosecutorial behavior and the type of harm allegedly suffered. While prosecutors are immune from a suit to recover for an injury arising solely from a prosecution itself, absolute immunity does not attach to harm inflicted independently of the prosecution.[11] Participation in an illegal search that violates a person's Fourth Amendment rights is independent of the prosecution since the victim is harmed by the invasion of his zone of privacy, whether or not the evidence unlawfully obtained is introduced at trial.[12] Accordingly, the absolute immunity plea may not be applicable to Vergari and Willcox if their conduct was "investigative" rather than "prosecutorial." Moreover, a prosecutor's absolute immunity is limited to damages liability[13] and plaintiffs also seek declaratory and injunctive relief.

However, it does not follow that plaintiffs have necessarily stated a cognizable claim against these defendants. All the property seized was on the premises of Mar-

---

**8.** *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

**9.** *See Harlow v. Fitzgerald*, —— U.S. ——, —— n.16, 102 S.Ct. 2727, 2735, 73 L.Ed.2d 396 (1982).

**10.** *E.g., Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981); *Mancini v. Lester*, 630 F.2d 990, 992–93 (3d Cir. 1980); *Lee v. Willins*, 617 F.2d 320, 321 (2d Cir.), *cert. denied*, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980); *Jacobson v. Rose*, 592 F.2d 515, 524 (9th Cir. 1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d

298 (1979); *Briggs v. Goodwin*, 569 F.2d 10, 16–17 (D.C.Cir.1977), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

**11.** *Taylor v. Kavanagh, supra*, 640 F.2d at 452; *Lee v. Willins, supra*, 617 F.2d at 322.

**12.** *Taylor v. Kavanagh, supra*, 640 F.2d at 452; *Lee v. Willins, supra*, 617 F.2d at 322.

**13.** *Supreme Court of Virginia v. Consumers Union of United States*, 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980).

vella and the search was conducted pursuant to a warrant issued by a judge of Westchester County. On the papers presented it has not been shown in what respect, with regard to these plaintiffs, the search of the Marvella premises and the seizure of the property contained therein were illegal. But the issue thus raised by the defendants of plaintiffs' lack of standing to challenge the seizure need not be decided since plaintiffs' claim against these defendants must fall for lack of specificity. In order to go forward with a section 1983 suit against prosecutors, the allegations should be specific as to what the prosecutors did so that it is apparent from the face of the complaint that the actions complained of were improper and the injury suffered was of constitutional proportion.[14] The complaint herein falls below any standard of specificity. The caption of the first cause of action lists Vergari and Willcox along with four other defendants. However, not a single allegation within the cause of action refers to either Vergari or Willcox. The ninth cause of action alleges only that these two defendants along with four others "intimated" to Affiliated Broadcasts that the Newspaper "might be" in violation of State criminal laws.[15] Plaintiffs' affidavits fail to rectify the generality of the complaint. Accordingly, the motion to dismiss the complaint as to defendants Vergari and Willcox is granted.

So ordered.

---

**14.** *Martin v. Merola*, 532 F.2d 191, 198 (2d Cir. 1976) (Lumbard, J., concurring).

**15.** Complaint ¶ 98.