Francis **LOVELY**, Plaintiff, Appellant,

v.

Oscar **LALIBERTE** et al., Defendants, Appellees.

No. 74–1062.

United States Court of Appeals, First Circuit.

Argued June 4, 1974.

Decided June 24, 1974.

---

Charles G. Douglas, III, Concord, N. H., with whom Perkins, Douglas &

Brock, Concord, N. H., were on brief, for plaintiff, appellant.

N. George Papademas, Lebanon, N. H., for Oscar Laliberte, defendant, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Francis Lovely brought an action in the federal district court against Oscar Laliberte, alleging that Laliberte was maliciously and unconstitutionally employing state process to evict him from Laliberte's mobile home park. Allegedly Laliberte's true motivation for the eviction stemmed from Lovely's public protests over the condition and scarcity of mobile home parks, his petitions to alter local zoning ordinances, and his "tenant group activities". The action, brought under 42 U.S.C. § 1983, seeks to bring Lovely's situation within the logic of Lavoie v. Bigwood, 457 F.2d 7 (1st Cir. 1972), and Edwards v. Habib, 130 U.S. App.D.C. 126, 397 F.2d 687 (1968). After hearing, the district court dismissed the action on the ground that it was barred by res judicata. We affirm.

Laliberte had originally sought a Writ of Possession, N.H.R.S. 540:12, against Lovely in the Lebanon District Court, Lebanon, New Hampshire. The court ordered issuance of the writ, and Lovely exercised his right to a de novo trial in the New Hampshire Superior Court, a court of general jurisdiction in which legal and equitable defenses are broadly available and counterclaims may be filed. At the superior court hearing the controversy centered around whether Lovely and his family by keeping rabbits and dogs and engaging in other purportedly offensive conduct, had violated the landlord's rules. Lovely did not raise his First Amendment claim either as a defense [1] or as a counterclaim.

---

1. There is mention in the transcript of the superior court hearing of the possibility that Laliberte was "retaliating" against Lovely for his speech activities. It arises, however, in the context of a denial by Laliberte, elicited by his attorney, that such motivation existed. Lovely's attorney at the Possession action testified in federal court at the hear-

The court ordered Lovely's eviction, and Lovely did not appeal, preferring instead to institute the present federal court proceeding.

Res judicata precludes even "perfect defenses . . . of which no proof was offered . . . . [A] judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, . . ." Cromwell v. County of Sac, 94 U.S. 351, 352–353, 24 L.Ed. 195 (1877). In Preiser v. Rodriguez, 411 U.S. 475, 497, 93 S.Ct. 1827, 36 L. Ed.2d 439 (1973), the Supreme Court indicated that res judicata would be fully applicable to § 1983 actions. Two of the cases cited therein with approval reiterated that res judicata, even in the context of § 1983, bars all grounds that might have been, but were not, presented to the state court. Coogan v. Cincinnati Bar Ass'n, 431 F.2d 1209, 1211 (6th Cir. 1970); Rhodes v. Meyer, 334 F.2d 709, 716 (8th Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964). *And see, e. g.,* Garner v. Louisiana State Board of Education, 489 F.2d 91 (5th Cir. 1974); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861, 862 (5th Cir. 1966).

Res judicata is, of course, different from collateral estoppel, which we have discussed and applied in recent cases. Mastracchio v. Ricci, 498 F.2d 1257 (1st Cir. 1974); Cardillo v. Zyla, 486 F.2d 473 (1st Cir. 1973); Bricker v. Crane, 468 F.2d 1228 (1st Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); P I Enterprises v. Cataldo, 457 F.2d 1012 (1st Cir. 1972). In those there were different parties in the suit preceding the federal suit. We applied the doctrine of collateral estoppel as to issues actually litigated and decided by the first judgment. Res judicata, when the suit is between the same parties and concerns the same operative nucleus of fact, is of broader scope and bars issues even if unlitigated. This familiar role is not diminished because Lovely's federal case alleges a violation of constitutional rights; state courts, too, are guardians of the federal constitution.[2] Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884).

Citing England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), Lovely argues that decision of the federal constitutional issue is not precluded as it was not presented to and decided by the state tribunal. The case does not support this position. It instead indicates that if a constitutional issue is so presented and decided, it cannot be reargued in federal court. It does not discuss the consequences of failing to raise the issue in the state proceedings, although it suggests, in abstention cases in which the plaintiff has initially chosen a federal forum only to be told to take state law issues back to the state, that the plaintiff may preserve his federal issue for the federal court by telling the state court of the existence of the issue and expressly reserving it. It is possible that a parallel

---

ing on November 14, 1973, that he had declined to press the First Amendment defense in the state action; although he was aware that he could do so he thought it would be unwise. The attorney did, however, with the knowledge and acquiescence of opposing counsel, visit the chambers of the superior court judge and leave with him copies of the *Lavoie* and *Habib* opinions.

2. There is no general right of removal based upon a federal defense, whether statutory or constitutional. The ALI proposals that would make it so have met with some criticism. H. Friendly, Federal Jurisdiction: A General View 124–27 (1973); Currie, The Federal Courts and the American Law Institute II, 36 U.Chi.L.Rev. 271–75 (1969). The only statute providing for federal constitutional defense removal, 28 U.S.C. § 1443, has been severely limited by the Supreme Court. City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The plaintiff's proposed use of § 1983 would effectively allow removal based upon federal defenses by allowing collateral attack of state judgments that include, or could include, federal elements. Whatever may be the pros and cons of such a development, it is not presently a part of our law.

reservation might preserve a federal constitutional defense and counterclaim in a state possession action. But the proper procedure would be for the defendant to notify the state court that he was preserving the issue. Lovely did not do so, and therefore cannot escape the ordinary effect of res judicata.[3]

Finally, Lovely seems to argue that he should be spared the harsh application of res judicata because his attorney in the state proceeding was derelict in failing to present the constitutional defense. But the principle behind res judicata, the prevention of duplicative litigation, has the same force regardless of the ultimate "reason" for the second suit. An attorney's actions in litigation bind the client and the client's later doubts concerning the course pursued by his attorney are not a good justification for subjecting the opposing party to continuous litigation.

Affirmed.

---

3. We need not decide whether circumstances of this nature would ever justify a state defendant's bringing a federal § 1983 action before the state trial seeking an injunction or declaratory judgment. *See* Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) ; Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).