Patricia SCOGGIN, Plaintiff-Appellee,

v.

Terry SCHRUNK, Mayor of the City of
Portland, Oregon, et al.,
Defendants-Appellants.

No. 72–1710.

United States Court of Appeals,
Ninth Circuit.

July 23, 1975.

Rehearing and Rehearing En Banc
Denied Oct. 17, 1975.
Certiorari Denied Jan. 12, 1976.
See 96 S.Ct. 807.

Douglas G. Beckman (argued), Black,
Kendall, Tremaine, Boothe and Higgins,
Portland, Or., for defendants-appellants.

Leo Levenson (argued), Portland, Or.,
for plaintiff-appellee.

OPINION

Before MERRILL and WALLACE,
Circuit Judges, and POWELL,* District
Judge.

MERRILL, Circuit Judge:

Appellee, Scoggin, seeks to have set
aside the conveyance of her home in
Portland, Oregon, to appellant State
Construction. Conveyance was from the
City of Portland which had acquired title
by sale of the property for failure of the
owners to pay an installment due under
a bonded improvement assessment levied
by the city. Appellee asserts that she
did not have notice of the delinquency or
of the sale or of her rights under state
law to redeem the property.

* Honorable Charles L. Powell, Senior United States District Judge for the Eastern District
of Washington, sitting by designation.

On August 13, 1969, appellant Mazzocco, as agent for appellant State Construction, filed a state court action to obtain possession of the property and to recover reasonable rental. Appellee then instituted her own action against these two appellants in the same state court to regain title to the property, contending that the purchaser was unjustly enriched and that she (appellee) had not received the notice required by state law and that the proceedings culminating in the sale to the city accordingly were rendered null. She prevailed in the trial court but lost on appeal. The Supreme Court of Oregon noted that in her suit she had not claimed that the failure to give notice had deprived her of her property without due process of law. *See State Construction Corp. v. Scoggins*, 259 Or. 371, 375, 485 P.2d 391, 392 (1971); *id.* at 391, 485 P.2d at 400 (Tongue, J., dissenting). Accordingly it declined to rule on the question.

Appellee then brought this action under 42 U.S.C. § 1983, still seeking to regain title, but now, for the first time, contending that her civil rights were violated by the sale of her property without notice. She named as defendants, in addition to Mazzocco and State Construction, the Mayor and City Council of the City of Portland. Appellants Mazzocco and State Construction contend that she was barred by *res judicata* from asserting this claim against them. The district court ruled otherwise on the ground that the state claim differed from the federal claim. It took the position that unless the civil rights claim had actually been tendered to the state court it was not barred by *res judicata*.[1] *Scoggin v. Schrunk*, 344 F.Supp. 463, 469 (D.Or. 1971).

■■ Since rendition of the district court judgment, however, this court has taken the contrary position upon the law. It is now established that where the federal constitutional claim is based on the same asserted wrong as was the subject of a state action, and where the parties are the same, *res judicata* will bar the federal constitutional claim whether it was asserted in state court or not, for the reason that the state judgment on the merits serves not only to bar every claim that was raised in state court but also to preclude the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. "Appellant is not permitted to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action." *Flynn v. State Board of Chiropractic Examiners*, 418 F.2d 668 (9th Cir. 1969).[2] This rule is made to apply to federal claims under 42 U.S.C. § 1983 by *Francisco Enterprises v. Kirby*, 482 F.2d 481, 485 & nn. 5, 6 (9th Cir. 1973), *cert. denied*, 415 U.S. 916, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974).

Judgment reversed.

---

1. The district court decision is supported by *Lombard v. Board of Education*, 502 F.2d 631, 635–37 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975), *noted in* 88 Harv.L.Rev. 453 (1974).

2. *See generally* Restatement of Judgments, §§ 61–67 (1942); Restatement (Second) of Judgments, §§ 48, 61 (Tent. Draft No. 1, 1973). It has not been contended that the question is one upon which federal courts must look to state law. Further, there is no suggestion that Oregon law, if applied, would require a result contrary to *Flynn.*

   *Bankers Trust Co. v. Pacific Employers Insurance Co.*, 282 F.2d 106, 110, 111 (9th Cir. 1960), *cert. denied*, 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27 (1961), on which the district court relied, was a diversity case where state law unquestionably did control and where we applied Nevada law to determine whether an action was barred by *res judicata*. That was not a case in which a disappointed plaintiff tried, in a second suit, to obtain the same relief under a different label. Rather it was a case in which two separate claims were involved which could, under state law, have been the subject of separate suits and upon which the plaintiff was entitled to separate and cumulative recoveries. We held that failure to join both claims in the first action did not bar recovery on the unjoined claim in the second action.