Blanche MITCHELL, Plaintiff,

v.

NATIONAL BROADCASTING COMPA-
NY, and S. Theodore Nygreen, Manager
of Information Services, National Broad-
casting Company, Defendants.

No. 75 Civ. 5892 (CMM).

United States District Court,
S. D. New York.

July 20, 1976.

Coles & Weiner, New York City, for
plaintiff; Harold M. Weiner, New York
City, of counsel.

Proskauer Rose Goetz & Mendelsohn,
New York City, for defendants; Howard L.
Ganz, Sara S. Portnoy, New York-City, of
counsel.

METZNER, District Judge.

Defendants National Broadcasting Com-
pany (NBC) and S. Theodore Nygreen move
to dismiss the complaint and for summary
judgment based on the theory that plaintiff
Blanche Mitchell's employment discrimina-
tion claim has already been adjudicated and
dismissed on the merits. The action is
brought pursuant to 42 U.S.C. § 1981.

The record discloses that plaintiff com-
menced employment in March 1972 as an
Operations Administrator in the Informa-
tion Services Department of NBC. She
was discharged from her position on No-
vember 19, 1973, and filed a complaint with
the New York State Division of Human
Rights on December 3, 1973, claiming that
she was discharged because she is black.
Thus, the constitutional issue was presented
by plaintiff from the inception of her at-
tempt to obtain redress.

On February 11, 1974, the Regional Di-
rector of the Division of Human Rights
issued an order dismissing the complaint on
a finding of no probable cause. This deci-
sion was based on both documentary evi-
dence and oral testimony. Plaintiff was
informed of her right to appeal to the New
York State Human Rights Appeal Board,

which appeal she perfected on February 12, 1974. On July 22, 1974, the Appeal Board, by a two-two vote of the panel, affirmed the Division of Human Rights' dismissal, a split vote requiring affirmance. Two members would have remanded for further investigation.

On August 26, 1974, plaintiff, now represented by counsel, petitioned the Appellate Division, First Department, of the New York Supreme Court for a review of the Appeals Board decision pursuant to both Section 298 of the New York Human Rights Law, N.Y.Exec.Law § 298 (McKinney 1972), and Article 78 of the New York Civil Practice Law and Rules, N.Y.C.P.L.R. § 7801 *et seq.* (McKinney 1963 & Supp.1975). On November 7, 1974, following a full review of the administrative record, plus oral argument of counsel on the petition, the Appellate Division unanimously confirmed the affirmance by the Appeal Board.

Finally, on November 20, 1975, plaintiff filed this action under 42 U.S.C. § 1981 charging racial discrimination in employment. Thus, this court is presented with the narrow issue, seemingly of first impression, of whether a state administrative and judicial proceeding, instituted pursuant to required state exhaustion under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–5(c), has a res judicata effect barring later action under Section 1981.

This is not a Title VII case and therefore plaintiff's heavy reliance on *Voutsis v. Union Carbide Corporation,* 452 F.2d 889 (2d Cir. 1971), is misplaced. *Voutsis* held that the determination by the state was not res judicata in the subsequent Title VII action. The statute (42 U.S.C. § 2000e–5(c)) requires resort to the state remedy as a prerequisite to maintaining such an action in the federal court. It would be anomalous to argue that the very state proceeding that is required by Title VII bars the contemplated federal remedy under Title VII.

■ The same reasoning does not apply, however, to 42 U.S.C. § 1981. The Supreme Court has made it perfectly clear that Section 1981 provides a separate and independent federal remedy, differing from Title VII both in the relief available and the method of invocation. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Accordingly, the question of estoppel by state proceedings must be examined largely without reference to the Title VII procedures.

This is also not the case of *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). In *Lombard,* plaintiff had sued under Article 78 to overturn an arbitrary and capricious state administrative determination. He then brought a federal action under 42 U.S.C. § 1983 for denial of due process in the hearing afforded him. The court held that he had not raised the constitutional issue in the state court proceeding, and that he was not barred from first raising it in federal court on the basis that it could have been raised in the state proceeding. This holding has since been criticized, *Scoggin v. Schrunk,* 522 F.2d 436 (9th Cir. 1975); Note, 88 Harv.L.Rev. 453 (1974); *cf. McCune v. Frank,* 521 F.2d 1152, 1156 n. 10 (2d Cir. 1975); but even the *Lombard* court agreed that if the constitutional issue had been actually raised, plaintiff would have "waived" the right to the federal action. *Lombard v. Board of Education,* 502 F.2d at 636–37; *Thistlethwaite v. City of New York,* 497 F.2d 339 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).

■ The New York Human Rights Law provides protection without limitation against discrimination. This protection is broader than that afforded by the Fourteenth Amendment. *Union Free School District No. 6 v. New York State Human Rights Appeal Board,* 35 N.Y.2d 371, 362 N.Y.S.2d 139, 320 N.E.2d 859 (1974); *State Division of Human Rights v. Kilian Manufacturing Corp.,* 35 N.Y.2d 201, 360 N.Y.S.2d 603, 318 N.E.2d 770 (1974). Accordingly, plaintiff cannot be heard to argue that a narrower standard was applied by the state proceedings than if her claim had been determined under the Fourteenth Amendment.

Plaintiff had a full and fair opportunity to present her case and an opportunity to seek court review of any adverse findings. Under such circumstances, the judicial decisions, even of an administrative body, have binding effect. *United States v. Utah Construction and Mining Company,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966).

It may be argued that the indicated result forces a party to make an election between a Title VII proceeding and an action under Section 1981 in view of the decision in the *Johnson* case, *supra.* However, I do not find this to be a deterrent to the result since it is obvious that a person who has commenced proceedings pursuant to Title VII is aware not only of its time limitations (*cf. Johnson, supra*), but is aiming for greater relief than afforded by Section 1981. Thus, the broad remedial purposes intended by Congress in this area are not curtailed by the result.

Motion granted.

So ordered.