**COMPAÑIA de FIANZAS de PUERTO RICO (PUERTO RICO BONDING CO.), Pedro Figueroa Rodriguez, Eduardo Martinez Vere, Jose Crespo Barreto, Myrna Hernandez Santiago, Plaintiffs,**

v.

**Manuel JUARBE, Insurance Commissioner Carlos R. Rios, Puerto Rico's Secretary of Justice, Defendants.**

Civ. No. 76–1643.

United States District Court,
D. Puerto Rico.

Sept. 24, 1979.

---

**140**

Leonardo Llequis, Santurce, P. R., for plaintiffs.

José A. González Gierbolini, Asst. Sec. of Justice, Dept. of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

The facts of the present case show that the corporative plaintiff, Compañia de Fianzas de Puerto Rico, (hereinafter "Compañía"), owed the Commonwealth of Puerto Rico approximately $800,000 in forfeited bail bonds executed by it to different defendants. The parties entered into payment negotiations. A stalemate ensued over the payment of interest on the sum owed and on the execution of a first mortgage to guarantee payment of the monies. Defendants dealt with the situation by revoking the Compañía's license to do business. The situation remained static for approximately four months, when a settlement agreement was reached as evidenced by a contract entered into by the parties. Said contract included the clause for payment of interests of monies owed as originally requested by defendants.

Smarting from having to pay interest on the debt, corporative plaintiff then filed an equivalent of a request for declaratory judgment seeking to have that clause concerning the payment of interests declared null and void by the local Superior Court. Compañía argued that it did not freely consent to said clause because defendants forced it to agree through the use of overpowering economic force by revoking its license to issue bonds in Puerto Rico. Plaintiffs further averred that such action by defendants amounted to coercion annulling the mentioned clause pursuant to the applicable provisions of the Puerto Rico Civil Code.[1] Following a trial on the merits, the Superior Court entered a decision unfavorable to the corporative plaintiff who filed a writ of review before the Supreme Court of Puerto Rico.

Within a few days of filing the state action, plaintiffs filed a civil rights action in this Court. The complaint recites the same facts stated in the state court suit. It also contains allegations to the effect that the revocation of the corporate license in an arbitrary and capricious manner without the benefit of a prior hearing under color of state law gave rise to plaintiffs' claim for damages under the Act. Moreover, plaintiffs alleged that defendants' activities were contrary to the Federal constitutional provisions of due process contained in the Fifth and Fourteenth Amendments.

Thereafter, the defendants filed a motion to stay the proceedings pending the outcome of the State decision. This was not opposed by plaintiffs and was granted by this Court. Defendants' motion for summary judgment with the attached documents, of present concern, attest to the adjudication by the local courts of the issue of consent and nullity of the interest clause. The motion seeks to raise *res judicata* as a bar to the instant cause of action.

## I. RES JUDICATA

In order to successfully raise *res judicata* three elements must be present:

1) a prior judgment rendered by a court of competent jurisdiction;

2) a final judgement on the merits;

---

1. Although not cited by corporative plaintiff, articles which cover nullity of consent in the Civil Code are: Articles 1214, 1221. Title 31, Laws of Puerto Rico Annotated, Sections 3401–3421.

3) the same cause of action and parties must be included in both suits. *Herendeen* v. *Champion International Corporation*, 525 F. 2d 130, 133 (2d Cir., 1975).

■ In the summarized facts it appears that only Compañía was a party plaintiff in both the State and Federal court actions. Moreover, although the causes of action are different, the fact remains that these are based on common nucleus of facts. In *Lovely* v. *Laliberte*, 498 F.2d 1261 (1st Cir., 1974), this Circuit clearly defines the scope of *res judicata*. Therein, Judge Campbell stated: "Res judicata precludes even perfect defenses . . . of which no proof was offered . . . (A) judgment estops not only as to every ground of recovery or defenses actually presented in the action, but also as to every ground which might have been presented . . . (citations omitted). In *Preiser* v. *Rodriguez*, 411 U.S. 475, [497,] 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court indicated . . that res judicata, even in the context of § 1983, bars all grounds that might have been, but were not presented to the state court, (citations omitted) . . . Res judicata, when the suit is between the same parties and concerns the same operative nucleus of fact, is of broader scope and bars issues even if unlitigated. This familiar role is not diminished because Lovely's federal case alleges a violation of constitutional rights; state courts, too, are guardians of the federal constitution. (citations omitted)." *Lovely*, supra, at p. 1263.

In the context of this case, the corporative plaintiff, Compañía, could have and should have raised his Federal constitutional claim before the local courts. Compañía's failure so to do gives rise to the present partial summary judgment dismissing its claim on the basis of *res judicata*.[2]

## II. COLLATERAL ESTOPPEL

■ The principle of mutuality has been cast aside in cases wherein collateral estoppel has been raised as an affirmative defense or bar. *P. I. Enterprises, Inc.* v. *Cataldo*, 457 F.2d 1012 (1st Cir., 1972); *Bricker* v. *Crane*, 468 F.2d 1228, n. 3 p. 1232 (1st Cir.). This allows collateral estoppel to be raised as a bar in cases where the causes of action are different and when the parties are not identical. However, the use of collateral estoppel is restricted to issues which were raised and litigated in the prior action. Thus, as explained in *Bricker*, supra, at p. 1015: "Obviously the federal cause of action is different from that brought in [the] state court, but the doctrine of collateral estoppel 'precludes *relitigation of issues actually litigated and determined in the prior suit, regardless of whether (the judgment) was based on the same cause of action . .*' the significant question is whether a party has had a 'full and fair' opportunity for judicial resolution of the same issue." (Emphasis supplied). See also *Cardillo* v. *Zyla*, 486 F.2d 473 (1st Cir., 1973); *Bricker*, supra; *Cataldo*, supra. Hence, this requires a careful scrutiny of the state case vis a vis the federal one. Our careful analysis of the cases shows a set of common facts, but the issues and remedies requested are different.

The issue, as we read it, before the state court was whether the defendants' action in revoking the corporative plaintiff's license to do business, strangled the plaintiff economically to the point of forcing him to accede to a settlement agreement not entered into of its own free will thereby nullifying the interest clause. Hence, the issue concerns the question of contractual consent. The remedy requested was the voidance of the interest clause.

■ The federal cause of action concerns the issue of whether plaintiffs were deprived of the constitutionally guaranteed rights by defendants' actions under color of state law in revoking its license to do business without prior hearing and in an arbi-

---

2. There is no evidence of the record that the corporative plaintiff in any way reserved his right to litigate the Federal constitutional claim before the Federal court, hence that portion of the *Lovely* decision citing *New England v. Bd.* of Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, is inapplicable. We also note that Compañía is not an involuntary plaintiff within the meaning of the *Lovely* and *New England* decisions.

trary and capricious manner. Hence, the issue concerns an alleged illegal deprivation of a constitutional right. The remedy sought was an award in damages. This issue was never raised at the State level and hence cannot be the object of a collateral estoppel bar.

## CONCLUSION

In view of the above, this Court grants a partial summary judgment in favor of defendants against corporative plaintiff Compañía de Fianzas de Puerto Rico, on the basis of *res judicata* and denies defendants' motion for summary judgment with reference to the remaining plaintiffs. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.