No. 82–48.   CASTORR ET AL. v. BRUNDAGE ET AL.   C. A.
6th Cir.   Certiorari denied.

   Opinion of JUSTICE STEVENS respecting the denial of the
petition for writ of certiorari.

   It is, of course, not possible to explain the reasons support-
ing every order denying a petition for a writ of certiorari.
An occasional explanation, however, may allay the possible
concern that this Court is not faithfully performing its
responsibilities.   Cf. *Maryland* v. *Baltimore Radio Show,
Inc.*, 338 U. S. 912, 917–918 (1950) (opinion of Frankfurter,
J., respecting the denial of the petition for writ of certiorari).
In this case petitioners request the Court to resolve the con-
flict among the Circuits on the question whether constitu-
tional claims not actually litigated in earlier state proceedings
are barred in a subsequent action under 42 U. S. C. § 1983.

The general phrasing of the issue in the petition reflects the wholly unrealistic assumption that neither the character of the federal constitutional claim[1] nor the character of the earlier state proceeding[2] can affect its answer.

The case that gives rise to this petition does not squarely conflict with any previous decision. The Sixth Circuit wrote:

"We do not hold that the application of the principles of res judicata and collateral estoppel is mandatory in every case. They are an expression of the policy of federal courts preferring finality, *i. e.*, that litigation at some time must become final. In the face of more important federal policies, however, the preference for fi-

---

[1] The § 1983 cases petitioners cite to demonstrate a conflict among Circuits range from alleged employment discrimination, *Jennings* v. *Caddo Parish School Board*, 531 F. 2d 1331 (CA5 1976), to alleged First Amendment violations by a mobile home park owner, *Lovely* v. *Laliberte*, 498 F. 2d 1261 (CA1), cert. denied, 419 U. S. 1038 (1974), to procedural due process claims arising in different contexts: termination of parental rights, *Robbins* v. *District Court*, 592 F. 2d 1015 (CA8 1979), conveyance of real property to the city for failure to pay a property assessment, *Scoggin* v. *Schrunk*, 522 F. 2d 436 (CA9 1975), cert. denied, 423 U. S. 1066 (1976), and discharge from public employment, *Spence* v. *Latting*, 512 F. 2d 93 (CA10), cert. denied, 423 U. S. 896 (1975). This Court has previously recognized the importance of differing contexts in determining whether negligence would support a § 1983 action. See *Parratt* v. *Taylor*, 451 U. S. 527, 534 (1981), citing *Baker* v. *McCollan*, 443 U. S. 137, 139–140 (1979).

[2] Prior state proceedings involved in cases cited by petitioner include a landlord's action for possession, *Lovely* v. *Laliberte, supra;* a state hearing on termination of parental rights, *Robbins* v. *District Court, supra;* a state action to regain title to property, *Scoggin* v. *Schrunk, supra;* a suit to challenge termination of employment, *Lombard* v. *Board of Education of New York City*, 502 F. 2d 631 (CA2 1974), cert. denied, 420 U. S. 976 (1975); and a state challenge to the validity of regulations, *New Jersey Education Assn.* v. *Burke*, 579 F. 2d 764 (CA3), cert. denied, 439 U. S. 894 (1978). Differences in procedures and in standard of review in prior state proceedings in different cases may affect the degree to which federal courts should apply res judicata. Compare *Kremer* v. *Chemical Construction Corp.*, 456 U. S. 461, 480–485 (1982) (majority opinion), with JUSTICE BLACKMUN's dissenting opinion, *id.*, at 490–493.

nality might be outweighed by more compelling considerations. We do not foreclose the possibility that certain § 1983 claims might not be barred by res judicata under proper circumstances. We hold only that the facts of this case do not present a proper situation in which to find an exception to the principles of res judicata." 674 F. 2d 531, 536 (1982).

This case, as the Court of Appeals recognized, arises out of a dispute over termination of parental rights, a domestic relations matter in which "the importance of finality is compelling." The record strongly suggests that prolongation of this litigation might have a serious adverse effect on the emotional and physical health of the child. See generally Brief for Guardian Ad Litem in Opposition. Nothing in the petition indicates that the child's interests would be served by this Court's intervention in this family law matter. There does not appear to be any conflict among the Circuits regarding the application of res judicata in challenges to state decisions terminating parental rights. See *Robbins* v. *District Court*, 592 F. 2d 1015 (CA8 1979) (res judicata bars § 1983 action challenging parental rights termination on constitutional grounds not raised in state-court proceedings). In my judgment it would be an abuse of our discretion to use this case as a vehicle for addressing the somewhat abstract question that is advanced by counsel for the petitioners.

JUSTICE WHITE, dissenting.

In this case brought under 42 U. S. C. § 1983 the Sixth Circuit held that res judicata principles barred the petitioner from presenting a constitutional claim because she had failed to present the claim in previous state litigation. The issue of whether constitutional claims not actually litigated in earlier state proceedings are barred in a subsequent federal suit is of considerable importance to § 1983 litigants and has divided the Federal Courts of Appeals. The First, Fifth, Eighth, Ninth, and Tenth Circuits, and now the Sixth Circuit, have

held that a § 1983 claimant is precluded by res judicata from relitigating not only the issues which were actually decided in the state proceeding, but also the issues which he might have presented. See *Lovely* v. *Laliberte*, 498 F. 2d 1261 (CA1), cert. denied, 419 U. S. 1038 (1974); *Jennings* v. *Caddo Parish School Bd.*, 531 F. 2d 1331 (CA5 1976); *Robbins* v. *District Court*, 592 F. 2d 1015 (CA8 1979); *Scoggin* v. *Schrunk*, 522 F. 2d 436 (CA9 1975), cert. denied, 423 U. S. 1066 (1976); *Spence* v. *Latting*, 512 F. 2d 93 (CA10), cert. denied, 423 U. S. 896 (1975). The Second and Third Circuits hold that a litigant is not precluded from asserting later such claims in federal court. See *Lombard* v. *Board of Ed. of New York City*, 502 F. 2d 631 (CA2 1974), cert. denied, 420 U. S. 976 (1975); *New Jersey Ed. Assn.* v. *Burke*, 579 F. 2d 764 (CA3), cert. denied, 439 U. S. 894 (1978). This conflict—which has been recognized by petitioners, by respondents, by the court below, and even by this Court, *Allen* v. *McCurry*, 449 U. S. 90, 97, n. 10 (1980)—should now be resolved. I would grant certiorari.