George Russell OWENS, Plaintiff,

v.

Myron Bud LEE, Detective, Great Falls, Montana, Police Department, Defendant.

No. CV–82–174.

United States District Court, D. Montana, Great Falls Division.

May 9, 1983.

George Russell Owens, pro se.

Gary M. Zadick, Alexander & Baucus, Great Falls, Mont., for defendant.

## MEMORANDUM OPINION

HATFIELD, District Judge.

Plaintiff, George Owens, has filed the present action pursuant to 42 U.S.C. § 1983 alleging that the defendant, an officer of the Great Falls, Montana, Police Department, deprived him of his constitutional rights to due process of law and a fair trial. Presently before the court is the defendant's motion requesting the court to enter summary judgment in his favor with re-

spect to the claims advanced by Owens. Having considered the arguments of the parties in support of their respective positions, the court is now prepared to rule.

Owens was convicted of misdemeanor theft on February 2, 1981, after a jury trial in the District Court of the State of Montana, Cascade County. The conviction involved the theft of a hunting knife and scabbard from a vehicle owned by none less than the defendant herein, Myron Lee.

Owens alleges that defendant Lee, while acting in his official capacity, deprived him of his rights to due process of law and a fair trial when he: (1) perjured himself while testifying as a witness for the State, and (2) altered certain physical evidence which was introduced into evidence by the State.[1]

## PERJURED TESTIMONY

■ A police officer who testifies in a criminal proceeding, like any witness in a judicial proceeding, enjoys immunity from subsequent damages liability. *Briscoe v. Lahue,* — U.S. —, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In enacting 42 U.S.C. § 1983 Congress did not intend to abrogate this common-law witness immunity in order to provide a damages remedy against police officers. *Id.* Accordingly, Owens' claim relating to the defendant's alleged perjured testimony must be dismissed because it fails to state a claim upon which relief can be granted.

## ALTERED EVIDENCE

In previously denying a motion by the defendant to dismiss this action, this court ruled that the claim of Owens relating to

the alleged alteration of certain physical evidence stated a claim cognizant via 42 U.S.C. § 1983. The defendant now requests the court to enter summary judgment with respect to that claim upon the ground that the doctrine of collateral estoppel precludes Owens from litigating the claim before this court.[2] The defendant contends that the issue of whether he altered the physical evidence in question had been determined adversely to Owens in the prior state court criminal proceedings. The defendant asserts that the verdict against Owens necessarily incorporated a determination that the defendant had not, in fact, altered the physical evidence by engraving the initials "M.L." on the scabbard.

■ Under the doctrine of collateral estoppel, once an issue of law or fact has actually and necessarily been decided in a prior proceeding based on the same or a different cause of action, a party is precluded from relitigating that issue in a suit or different cause of action involving a party to the first case. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The federal courts have consistently accorded preclusive effect to issues previously decided in a state court proceeding. *E.g., Montana v. United States, Id.; Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). Accordingly, the United States Supreme Court has recently recognized the propriety of applying collateral estoppel in an action brought pursuant to 42 U.S.C. § 1983, where issue preclusion is based upon a prior state criminal judgment. *Allen v. McCurry,*

1. The scabbard which Owens was convicted of stealing was engraved with the initials "M.L." (referring to Myron Lee) at the time it was introduced into evidence. The scabbard and knife had been seized from a local "pawn" shop by Officer Lee. Owens admits in his pleading before this court that he sold a knife and scabbard to that same "pawn" shop, similar to the knife and scabbard introduced into evidence at trial. Owens contends, however, that the scabbard he sold was not engraved with the initials "M.L.". The gist of Owens' claim in this action is that Officer Lee engraved the scabbard sometime after he seized it from

the "pawn" shop and prior to its introduction into evidence at trial.

2. The defendant also asserts that the doctrine of *res judicata* serves to bar Owens' action. *Res judicata* applies only when a claim is based on the same cause of action which was previously litigated. *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The distinction between a criminal prosecution for theft and a civil rights action claiming that physical evidence was altered renders *res judicata* inapplicable in this case. *See, Hernandez v. City of Los Angeles,* 624 F.2d 935, 937 n. 1 (9th Cir. 1980).

449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1981).

Although the defendant is correct in asserting, as a general proposition, that collateral estoppel applies in a § 1983 action where issue preclusion is based on a prior state criminal judgment, the question arises whether issue preclusion extends to those issues which could have been raised in a prior state proceeding but were not. The court in *Allen v. McCurry* expressly reserved ruling on that precise question. 449 U.S. at 97 n. 10, 101 S.Ct. at 416 n. 10. Therefore, this court turns to the pertinent decisions of the Court of Appeals for this Circuit to decide whether such an extension is appropriate.

■ The burden of pleading and proving the identity of issues necessary to an invocation of the doctrine of collateral estoppel rests on the party asserting the estoppel. *Haung Tang v. Aetna Life Insurance Co.,* 523 F.2d 811, 813 (9th Cir.1975). To sustain this burden a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issue litigated in the prior action. *United States v. Lasky,* 600 F.2d 765, 769 (9th Cir.1979).

On the basis of the foregoing rules, the Court of Appeals for this Circuit found it inappropriate to apply collateral estoppel to bar a claimant, convicted in state criminal proceedings of resisting arrest, from litigating the issue of excessive force in a § 1983 action in federal court, where the record did not reveal whether the issue of the use of excessive force by the police was settled in the state criminal proceeding. *Hernandez v. City of Los Angeles, supra.* The court held that the absence of the requisite identity of issues in the state criminal proceeding and the subsequent civil rights action prevented the defendant from invoking the doctrine of collateral estoppel.[3]

■ Turning to the present case, the court finds it is unable to conclude on the basis of the record now before it whether the issue raised by Owens here was actually raised and litigated in the state court criminal proceedings at issue. As was the case in *Hernandez,* the defendant alludes to the proposition that the verdict against Owens necessarily included a determination that the physical evidence introduced at trial, *i.e.,* the scabbard, was not altered by Officer Lee. This court is unable to draw that conclusion. The defendant has not carried his burden of establishing that the conviction necessarily involved a determination that the defendant did not alter the physical evidence presented by the State in the criminal proceedings against Owens. Until such time as the defendant is able to introduce a record sufficient to reveal that the issue raised by Owens in the present action was actually and necessarily decided in the prior state court criminal proceeding, the court finds it inappropriate to apply the doctrine of collateral estoppel to preclude Owens from litigating that claim.

An appropriate order shall issue.

---

3. The situation is different when a party invokes the doctrine of *res judicata.* It is established in this circuit that where a federal constitutional claim, which is the subject of § 1983 action, is based on the same asserted wrong as was the subject of the state action, and where the parties are the same, *res judicata* will bar the federal constitutional claim whether it was asserted in state court or not. *Scoggin v.* *Schrunk,* 522 F.2d 436, 437 (9th Cir.1975). The state judgment on the merits serves not only to bar every claim that was raised in the state court, but also to preclude the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. *Id.* As noted, however, the court finds *res judicata* inapplicable in this case. *See,* n. 2 *infra.*