E. Robert GALLAGHER,
Plaintiff–Appellant,

and

Michael Warning and John
Houck, Plaintiffs,

v.

L. Thomas FRYE, John E. Peetz, Gerald
E. Newfarmer, and Cecil Riley,
Defendants–Appellees.

No. 78–1094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1980.

Decided Oct. 23, 1980.

Roderick P. Bushnell, Bushnell, Caplan &
Fielding, San Francisco, Cal., for plaintiff–
appellant.

William C. Sharp, Deputy City Atty.,
Oakland, Cal., argued for defendants–appel-
lees; David A. Self, Oakland, Cal., on brief.

Before HUG, SCHROEDER and PREGERSON, Circuit Judges.

SCHROEDER, Circuit Judge:

The appellant, E. R. Gallagher, filed this action under 42 U.S.C. §§ 1983 and 1985 in the United States District Court. Gallagher sought damages arising out of his employer's attempts to terminate his employment as museum curator for the Oakland, California museum. The appellees are city and museum officials, and Gallagher alleged that their actions deprived him of his constitutional rights to due process and equal protection.

■ The district court dismissed his complaint on the ground that it was barred by the res judicata effect of a prior California state court judgment. That judgment was entered in mandamus proceedings in which Gallagher obtained a writ awarding him back pay and requiring the museum to reinstate him pursuant to the administrative decision of the California State Civil Service Board. We hold that to the extent that this complaint in the district court is based upon an essentially different cause of action asserting a different wrong and claiming relief in addition to that sought in the state court,[1] this action is not barred, and we reverse.

Gallagher was employed as Senior Curator of History at the Oakland Museum. After receiving notice of his termination, he appealed to the Oakland Civil Service Board which ordered reinstatement. When the Oakland Museum refused to comply with the reinstatement order, Gallagher sought, in the California state courts, a writ of mandamus compelling the museum to comply with the Civil Service Board's order. Although initially unsuccessful in the state trial court, the California Court of Appeal ordered that the mandamus issue. Questions litigated in the state court action related principally to the jurisdiction of the Civil Service Board and did not concern the circumstances surrounding the original termination.

While the appeal was pending, Gallagher filed an action in the United States District Court for damages under §§ 1983 and 1985, alleging that wrongful conduct of the museum officials violated his civil rights. That federal action was dismissed voluntarily without prejudice prior to the state appellate court decision. In the dismissal, it was noted that appellant did not concede that the state litigation affected or diminished his rights in the federal court conferred by §§ 1983 and 1985.

After the California Court of Appeal ordered reinstatement and granted him back pay, Gallagher again filed his civil rights claim in the United States District Court. The district court dismissed the complaint on the theory that, because appellant could have brought his civil rights claim in California state court, *Brown v. Pitchess*, 13 Cal.3d 518, 119 Cal.Rptr. 204, 531 P.2d 772 (1975), the California judgment on his mandamus action barred his claim in federal court.

■ In this Circuit, when a party seeks relief in the state court for an alleged wrong, the state court judgment bars the plaintiff from seeking relief on constitutional grounds from the same defendant, for the same wrong, in federal court. *Scoggin v. Schrunk*, 522 F.2d 436 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976). *See also Jordan v. Hawaii Government Employees' Ass'n*, 472 F.Supp. 1123 (D.Haw.1979); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626 (N.D. Cal.1978). The rule is applicable to actions brought pursuant to §§ 1983 and 1985. *Scoggin v. Schrunk, supra; Francisco Enterprises, Inc. v. Kirby*, 482 F.2d 481, 485

---

1. The defendants have never argued that the plaintiff recovered in the state proceedings all damages recoverable here and we assume for purposes of this decision that additional damages are recoverable in this action if plaintiff prevails.

(9th Cir. 1973), *cert. denied*, 415 U.S. 916, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974).[2]

The *Scoggin* rule, however, applies only where the alleged wrong is the same in both the state and federal court proceedings.[3] Thus in *Scoggin*, the plaintiff in federal court attempted to set aside the foreclosure sale of her home on the ground that her constitutional rights had been violated. She had, however, previously and unsuccessfully challenged the sale in state court without raising any arguments under federal law. The court held that the federal suit was barred by res judicata, stating:

> [W]here the federal constitutional claim is based on the same asserted wrong as was the subject of a state action, and where the parties are the same, *res judicata* will bar the federal constitutional claim whether it was asserted in state court or not, for the reason that the state judgment on the merits serves not only to bar every claim that was raised in state court but also to preclude the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief.

522 F.2d at 437.

The *Scoggin* case is consistent with the general Restatement principles prohibiting the splitting of causes of action and barring subsequent suits based on the same transaction or series of transactions previously litigated. Restatement of Judgments §§ 61–62 (1942); Restatement (Second) of Judgments §§ 61–61.1 (Tent.Draft No. 5, 1978).

This case, however, differs significantly from *Scoggin*. In *Scoggin* the plaintiff was seeking on federal grounds to remedy the same wrong that she had unsuccessfully asserted in state court on state grounds. The alleged wrong sought to be cured, i. e. the foreclosure sale of her house, was the same in both cases. In this case, the asserted wrong which formed the basis of the state court action was the defendants' failure to comply with the Civil Service Board order. In federal court, after successfully pursuing the state claim, Gallagher is asserting separate wrongful conduct, i. e. the defendants' attempts to terminate him in the first instance.

Gallagher's complaint in the state court was, in essence, a continuation of the administrative remedies afforded Gallagher

---

**2.** The Circuits are split in applying the res judicata doctrine to § 1983 federal court actions where constitutional claims could have been but were not raised in an earlier state court proceeding. The Second and Third Circuits have held that a state court litigant is not precluded from later asserting his § 1983 constitutional claims in federal court. *New Jersey Ed. Ass'n v. Burke*, 579 F.2d 764 (3d Cir.), *cert. denied*, 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978); *Lombard v. Board of Education*, 502 F.2d 631 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975) (criticized in Note, 88 Harv.L.Rev. 453 (1974)). *See also Kurek v. Pleasure Driveway & Park Dist.*, 557 F.2d 580 (7th Cir. 1977). Other Circuits, in accord with this Circuit, apply the res judicata doctrine. *See, e. g., Spence v. Latting*, 512 F.2d 93 (10th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir. 1974). The issue has sparked a number of articles on the effect state court judgments should have on federal claims. *See, e. g.*, Theis, Res Judicata in Civil Rights Act Cases: An Introduction to

the Problem, 70 Nw.U.L.Rev. 859 (1976); Comment, Res Judicata and Section 1983: The Effect of State Court Judgments on Federal Civil Rights Actions, 27 U.C.L.A.L.Rev. 177 (1979). *See also* Wright, Miller & Cooper, Federal Practice and Procedure § 4253 at 568 69 (1978). *Scoggin v. Schrunk* remains the law of this Circuit.

**3.** The *Scoggin* holding applied to civil proceedings. In the context of criminal proceedings and issue preclusion, however, this Court has recently held that a § 1983 plaintiff is not barred from litigating issues previously raised by him as a defendant in a state criminal proceeding where no cognizable federal habeas corpus relief is provided. *Johnson v. Mateer*, 625 F.2d 240 (9th Cir. 1980). *See also Hernandez v. City of Los Angeles*, 624 F.2d 935 (9th Cir. 1980). Similarly, a criminal conviction does not necessarily resolve all issues which might be litigated in the course of a § 1983 proceeding. *See Hernandez v. City of Los Angeles, supra.*

under California law. The mandamus proceeding was necessary in order to enforce compliance with the state administrative remedy ordered by the Civil Service Board. The essential issue was the jurisdictional authority of the state administrative agency, and the matter was altogether appropriate for state court determination. It was neither necessary nor expedient to litigate the merits of the underlying termination, and it is those matters which are now sought to be litigated in federal court. We do not believe that any fair or reasonable interpretation of res judicata principles compels a holding that a plaintiff's enforcement of state administrative procedures in state court should effectively bar him from access to federal courts on the merits of his claim of violation of federal rights.[4]

■ It is true, of course, that the claim of violation of federal rights could have been brought in the state court mandamus action. However, joinder of the multiple claims would appear to have been permissive, not compulsory. Cal.Civ.Proc.Code § 427.10(a) (West 1973). It has not been argued that California courts would hold that the judgment in the mandamus action was res judicata as to the §§ 1983 and 1985 claims. This Circuit has refused to apply res judicata to bar a second suit on a claim related to an earlier claim when the second claim could, but was not required, to have been joined in the first action. *Bankers Trust Co. v. Pacific Employers Insurance Co.*, 282 F.2d 106 (9th Cir. 1960), *cert. denied*, 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27 (1961).

The *Scoggin* Court distinguished the case before it from *Bankers Trust.* In *Bankers Trust*, a diversity case, the Court held that under the applicable state law, a previous action to recover under an insurance action did not bar a subsequent cause of action for fraudulent inducement of the contract. In discussing the *Bankers Trust* case, the Court in *Scoggin* stated:

> That [Bankers Life] was not a case in which a disappointed plaintiff tried, in a second suit, to obtain the same relief under a different label. Rather it was a case in which two separate claims were involved which could, under state law, have been the subject of separate suits and upon which the plaintiff was entitled to separate and cumulative recoveries. We held that failure to join both claims in the first action did not bar recovery on the unjoined claim in the second action.

522 F.2d at 437 n.2.

Using those standards, this case is more analogous to *Bankers Trust* than to *Scoggin.*

■ We therefore hold that plaintiff's claims for violation of his constitutional rights in connection with the defendants' attempts to terminate his employment are not barred by res judicata.[5]

Reversed and remanded.

---

4. *Our conclusion would be no different were we to apply the California law of res judicata under the Full Faith and Credit Act, 28 U.S.C. § 1738. Under California law, the "primary right" test is used to determine whether the same cause of action has been asserted in separate proceedings. See Ford Motor Co. v. Superior Court for the County of Los Angeles, 35 Cal.App.3d 676, 110 Cal.Rptr. 59 (1976). As explained above, Gallagher bases his federal* lawsuit on a primary right different from that which was alleged in the state court action.

5. The plaintiff's complaint also alleges deprivation of constitutional rights in connection with defendants' failure to comply with the decision of the Civil Service Board, the very matter which was the subject of the state court litigation, and to that extent res judicata does apply. *Scoggin v. Schrunk, supra.*