938 F.2d 1045
 JAMA CONSTRUCTION, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Board of Building and Safety
Commissioners of the City of Los Angeles; Department of
Building and Safety of the City of Los Angeles; City
Council of the City of Los Angeles, Defendants-Appellees.
 No. 90-55475.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 16, 1991.
Decided July 15, 1991.
 
 Fred N. Gaines and Benjamin Reznik, Reznik & Reznik, Sherman Oaks, Cal., for plaintiff-appellant.
 Susan D. Pfann, Asst. City Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before PREGERSON, BRUNETTI and NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The sole issue in this appeal is whether plaintiff Jama Construction Corporation, Inc.'s (Jama) action in federal district court under 42 U.S.C. Sec. 1983 is barred by a previous state court judgment. The district court held that plaintiff's Sec. 1983 action is barred by its earlier suit in state court under the doctrine of res judicata. We affirm, but on a ground other than that relied on by the district court.
 
 BACKGROUND
 
 2
 This appeal involves property located at 171 Church Lane, Los Angeles, California (property). In 1983 and 1984, the City Council for the City of Los Angeles (Council) initiated a number of suggested zone changes that would allow multi-unit development on the property. In 1983, and a second time in 1984, the City Planning Commission prepared environmental assessment and negative declaration reports for the recommended zone changes. After much debate, the Council passed an ordinance implementing a zone change with a 66-unit limit.
 
 
 3
 Plaintiff Jama bought the property after the zone change ordinance became final. To obtain approval to develop the property as an apartment building, Jama needed to obtain a permit to remove dirt from the site. After a public hearing where considerable public opposition to the project was expressed, the Board of Building and Safety Commissioners (Board) ordered that an Environmental Impact Report (EIR) be prepared for the project.
 
 
 4
 On December 29, 1988, Jama filed suit in Superior Court, requesting a writ of mandate ordering the issuance of all clearances and permits necessary to begin construction without completion of the EIR. Jama argued that the Board had exceeded its authority in requiring the EIR because there had been no changes to the project since the prior environmental review.
 
 
 5
 Apparently in response to the litigation, the Board decided to reconsider its decision requiring an EIR for the project. After a public hearing on March 7, 1989, the Board reversed its earlier decision, concluding that an EIR was not required. Dissatisfied homeowners and an adjacent business appealed to the Council. On April 26, 1989, the Council reversed the Board, ordering that all permits be held in abeyance until completion of an EIR.
 
 
 6
 On June 5, 1989, the Superior Court held a hearing on Jama's request for the writ. It held that "the City had exceeded its authority when it required an EIR because there was nothing in the record to show that the circumstances required by the California Environmental Quality Act to trigger environmental review had occurred." Jama Construction Corp. v. City of Los Angeles, No. 89-5432, slip op. at 3 (C.D. Cal. Feb. 26, 1990) (Order ).
 
 
 7
 On September 13, 1989, Jama filed a complaint in the district court seeking damages under 42 U.S.C. Sec. 1983 and the Fifth Amendment for a temporary regulatory taking of property without just compensation. On February 23, 1990, the district court granted defendants' motion to dismiss on the ground that, under the doctrine of res judicata, Jama's action was barred by the prior state court action.
 
 DISCUSSION
 
 8
 We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).
 
 
 9
 The district court granted defendants' motion to dismiss "because plaintiff's claim is barred by res judicata." Order at 8-9. We may affirm, however, on any ground supported by the record. Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 874 (9th Cir.1987). Because we determine that the district court should have dismissed Jama's action for lack of subject matter jurisdiction, we have no reason to decide whether the action would be barred by res judicata as well.[1]
 
 
 10
 In Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court enunciated two requirements a plaintiff must meet before bringing a taking claim in federal court. First, the Court confirmed that "a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Id. at 186, 105 S.Ct. at 3116. Second, a taking claim is premature unless the plaintiff has sought "compensation through the procedures the State has provided for doing so." Id. at 194, 105 S.Ct. at 3120. The Court explained that, "because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a Sec. 1983 action." Id. at 194 n. 13, 105 S.Ct. at 3120 n. 13 (emphasis in original); see also MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 350, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986) ("a court cannot determine whether a municipality has failed to provide 'just compensation' until it knows what, if any, compensation the responsible administrative body intends to provide").
 
 
 11
 We find this second requirement to be dispositive here. Jama did not seek compensation through California procedures before bringing its federal action. Because Jama's action is not ripe for decision, we dismiss for lack of subject matter jurisdiction. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1404 (9th Cir.1989) ("lack of ripeness deprives the court of subject matter jurisdiction"), cert. denied, --- U.S. ----, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990).[2]
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 In its complaint, Jama breaks down its action into two claims: (1) "undue interference with property rights" under Sec. 1983 and (2) unlawful taking. The district court reasonably read the complaint as presenting a single claim for a temporary regulatory taking of property under Sec. 1983 and the Fifth Amendment. As discussed in the text, we dismiss this takings claim as unripe
 In its reply brief and at oral argument, Jama characterizes its undue interference claim as a due process claim distinct from its takings claim. On a motion to dismiss, a complaint must be read broadly "to determine if the allegations provide for relief on any possible theory." Electrical Constr. & Maintenance Co. v. Maeda Pacific Corp., 764 F.2d 619, 623 (9th Cir.1985). To the extent that Jama's complaint does allege a due process claim, Jama is correct that it need not exhaust its available state compensation remedies before bringing its claim. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1404 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). But Jama's due process claim is barred by the California doctrine of res judicata because it failed to present the claim in its earlier California mandamus action. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035 (9th Cir.1991) ("where a federal constitutional claim is based on the same asserted wrong as a state action and the parties are the same, res judicata will bar the federal constitutional claim, whether or not it was asserted specifically in state court"); see also Gallagher v. Frye, 631 F.2d 127, 130 (9th Cir.1980) (Sec. 1983 claim may be raised in a California mandamus action). Section 1983 claims for violations of constitutional rights are not immune from the preclusive effect of res judicata. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (state preclusion law applies to Sec. 1983 claims).
 
 
 [2]
 If the alleged "taking" of Jama's property occurred before the Supreme Court decided First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), Jama's failure to seek compensation through state procedures might be forgiven as "futile." See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1402 (9th Cir.1989) ("[p]laintiffs need not bring a state court action [seeking compensation] when it would be futile under existing state law"), cert. denied, --- U.S. ----, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). Before First English, California law precluded a landowner from recovering damages in an inverse condemnation action for a temporary regulatory taking. See Agins v. City of Tiburon, 24 Cal.3d 266, 274-77, 598 P.2d 25, 29-31, 157 Cal.Rptr. 372, 375-78 (1979), aff'd on other grounds, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). Thus, in Furey v. City of Sacramento, 780 F.2d 1448 (9th Cir.1986), we understandably held that plaintiff's failure to bring a non-existent inverse condemnation action in the California courts did not preclude him from bringing suit in federal court. Id. at 1450 n. 1. But on June 9, 1987, the Supreme Court in First English ruled that Agins erred in deciding that the Fifth Amendment does not require compensation for a temporary regulatory taking of property. Given that the "taking" alleged by Jama did not begin until 1988 at the earliest, Jama was not excused from first seeking compensation from the state before bringing its federal action