15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Young E. RHEE, Plaintiff-Appellant,
v.
EL CAMINO HOSPITAL STAFF, John Davis, Harrison Kornfield,
Marvin Small, H. Ward Trueblood, and Ralph Watson; El
Camino Hospital District, Charles A. Knell, Norma J.
Melchor, William J. Reeves, Billy B. Russell and Alvin B.
Rutner, Defendants-Appellees.
 No. 92-16521.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided Feb. 7, 1994.
 
 Before: GOODWIN, WIGGINS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed Dr. Rhee's federal civil rights suit on the ground that a California state court judgment denying Dr. Rhee's mandamus petition precludes his federal claims in this suit. We affirm.
 
 I.
 
 3
 On April 20, 1981, Dr. Rhee was admitted to the Department of Surgery probationary staff at the El Camino Hospital in Mountain View, California. In August 1985, after a lengthy probationary period and review of Dr. Rhee's case by the Hospital's medical executive committee and judicial review committee, the Hospital denied Dr. Rhee general surgical privileges, with the exception of anorectal surgery and ganglionectomies.
 
 
 4
 Dr. Rhee brought suit in the California Superior Court for Santa Clara County seeking administrative mandamus relief pursuant to California Code of Civil Procedure Section 1094.5. His primary allegation was that the Hospital failed to use proper procedures in making its decision, but he also made general allegations that the Hospital abused its discretion, that its acts were arbitrary and capricious, and that it violated Dr. Rhee's constitutional right to equal protection. The superior court granted the petition, ruling that the Hospital failed to comply with procedural due process requirements. The California Court of Appeal for the Sixth District reversed and remanded so that the superior court could consider whether the Hospital's decision was supported by the evidence. 201 Cal.App.3d 477, 247 Cal.Rptr. 244 (1988). On remand, the superior court denied the petition, and the court of appeal affirmed.
 
 
 5
 While the state court action was pending, Dr. Rhee filed a complaint in federal district court alleging due process and equal protection violations, as well as various state law claims. On January 27, 1991, the district court filed an order dismissing the state law claims and staying the action pending a decision in the state court proceeding pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). On July 10, 1992, twenty-four days after the state court proceedings became final, the district court filed an order instructing the parties to appear in court on July 27, 1992 and show cause why the action should or should not be dismissed. No one appeared on behalf of Dr. Rhee. The district court dismissed the action on July 27, 1992, holding that under the doctrine of res judicata, the final judgment of the state court precluded Dr. Rhee's remaining claims.
 
 II.
 
 6
 The Hospital contends that the district court dismissed the case as a sanction for Dr. Rhee's failure to comply with its order to show cause filed on July 10, 1992. It argues that dismissal was warranted in part because the district court's order stated in bold print that failure to comply with the notice would be sufficient grounds to dismiss the action.
 
 
 7
 The district court did not dismiss the action as a sanction, and we therefore decline to affirm on this basis. Indeed, when Judge Ingram offered to dismiss the case for want of prosecution, counsel for the defendants apparently requested that he instead rule on the merits. Although the order of dismissal mentions plaintiff's failure to appear, the district court relied only on the preclusive effect of the state court judgment.
 
 III.
 
 8
 We review de novo a district court's dismissal of an action based on res judicata. Palomar Mobilehome Park Assoc. v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). A prior judgment of a state court has the same preclusive effect in federal court as it would in a court of the state that rendered the judgment. 28 U.S.C. Sec. 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus we apply California law of preclusion in this case. Palomar, 989 F.2d at 364.
 
 
 9
 To determine the preclusive effect of a judgment, California applies a primary rights theory "under which the invasion of one primary right gives rise to a single cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594 (1975).
 
 
 10
 [I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.
 
 
 11
 Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1175, 197 Cal.Rptr. 612, 614 (1983). "[T]he prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable." Busick v. Workmen's Compensation Appeals Bd., 7 Cal.3d 967, 975, 104 Cal.Rptr. 42, 48, 500 P.2d 1386, 1392 (1972).
 
 
 12
 Dr. Rhee argues that the cause of action in the federal suit arises from a different primary right than does the cause of action in the California suit. He describes the California action as asserting "a 'primary right' not to have his surgical privileges restricted due to alleged professional incompetence," and the federal action as asserting "a 'primary right' not to have his surgical privileges restricted for reasons unrelated to his professional competence; that is, for reasons of his national origin or race." Dr. Rhee misconstrues California's primary right test and mischaracterizes his mandamus petition.
 
 
 13
 The primary right test focuses on the injury to the plaintiff. "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Slater, 15 Cal.3d at 795, 126 Cal.Rptr. at 226-27, 543 P.2d at 594-95. The injury in this case was restricting Dr. Rhee's surgical privileges. The various reasons he states for why this restriction was improper--that he is a competent surgeon, that the Hospital failed to follow proper procedures, and that the Hospital discriminated against him based on his race or national origin--are merely different legal theories justifying relief. Cf. Gamble v. General Foods Corp., 229 Cal.App.3d 893, 280 Cal.Rptr. 457 (1991) (holding that prior judgment in federal civil rights suit precluded California action alleging state law claims because both suits were based on the primary right to employment).
 
 
 14
 Dr. Rhee's reliance on Gallagher v. Frye, 631 F.2d 127 (9th Cir.1980), is misplaced. Gallagher's employer, the Oakland Museum, notified him that his employment was terminated. Gallagher appealed to the Oakland Civil Service Board, which ordered his reinstatement. When the museum refused to comply with the order, Gallagher obtained a writ of mandamus from the California state court compelling the museum to comply. Gallagher then filed suit in federal district court alleging that the museum's actions deprived him of his constitutional rights to due process and equal protection. The district court dismissed the complaint, holding that the state mandamus proceeding precluded the federal action. This court reversed, noting that Gallagher was alleging different wrongful conduct in the federal suit:
 
 
 15
 [T]he asserted wrong [that] formed the basis of the state court action was the defendants' failure to comply with the Civil Service Board order. In federal court, after successfully pursuing the state claim, Gallagher is asserting separate wrongful conduct, i.e. the defendants' attempts to terminate him in the first instance.
 
 
 16
 Id. at 129. There were two separate events underlying the two suits, and the mandamus action "did not concern the circumstances surrounding the original termination." Id. at 128. The court held that res judicata did apply to bar Gallagher's claimed "deprivation of constitutional rights in connection with defendants' failure to comply with the decision of the Civil Service Board, the very matter [that] was the subject of the state court litigation." Id. at 130 n. 5.[1]
 
 
 17
 Dr. Rhee's two suits both involve the same underlying event, and the California court judgment therefore precludes his constitutional claims in connection with the Hospital's decision to restrict his surgical privileges, the very matter that was the subject of the state court litigation.
 
 
 18
 Dr. Rhee notes that the state court did not decide the issue of whether the Hospital discriminated against him on the basis of race or national origin. Once we determine that the same primary right is involved, restriction of his surgical privileges, the relevant inquiry is whether he could have raised his discrimination claim in the California action. Busick, 7 Cal.3d at 975, 104 Cal.Rptr. at 48, 500 P.2d at 1392. See also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035-36 (9th Cir.1990), cert. denied, 112 S.Ct. 417 (1991). Dr. Rhee does not contend that he could not raise his equal protection claims in the administrative mandamus proceeding. Indeed, his petition expressly alleges that the Hospital's acts denied him the equal protection of the laws under the United States Constitution, although it does not specifically mention discrimination based on race or ethnic origin. Because "[a]n erroneous judgment is as conclusive as a correct one," it is irrelevant whether or not the issue was specifically resolved by the California court. Busick, 7 Cal.3d at 975, 104 Cal.Rptr. at 48, 500 P.2d at 1392.
 
 
 19
 Finally, Dr. Rhee argues that the state mandamus proceeding does not preclude his federal equal protection claims because section 1094.5(b) limits the scope of the state courts' review. It is settled in California, however, that judgments on the merits rendered in mandamus proceedings can preclude subsequent litigation of the same primary right. Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control, 55 Cal.2d 728, 733, 361 P.2d 712, 715, 13 Cal.Rptr. 104, 107 (1961). See also Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 n. 1 (9th Cir.1986); Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985). Moreover, the scope of review provided in administrative mandamus proceedings under section 1094.5 is broader than that provided in ordinary mandamus proceedings under California Code of Civil Procedure Sec. 1985. Balch Enterprises v. New Haven Unified Sch. Dist., 219 Cal.App.3d 783, 791, 268 Cal.Rptr. 543, 546-47 (1990) (citing cases). See also Professional Engineers in Calif. Gov't v. California State Personnel Bd., 114 Cal.App.3d 101, 110 n. 5, 170 Cal.Rptr. 547 (1980) (distinguishing ordinary from administrative mandamus). Section 1094.5(b) allows the state court to inquire into whether there was a fair trial. While that inquiry would typically focus on procedural concerns, any discrimination based on race or national origin would certainly affect the fairness of the administrative proceedings and would therefore be an appropriate subject for review.
 
 IV
 
 20
 Because Dr. Rhee's constitutional claims in this action involve the same primary right that was at issue in the state mandamus proceedings, we affirm the district court's dismissal based on the doctrine of res judicata.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The Gallagher court applied federal law in determining the preclusive effect of the state court judgment, but noted that it would reach the same conclusion if it applied California's primary right test. Id. at 130 n. 4