**TRAIL ENTERPRISES, INC. d/b/a Wilson Oil Company, Plaintiff,**

v.

**CITY OF HOUSTON, Defendant.**

Civ. A. No. H–95–3958.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 8, 1995.

Bruce M. Partain, Wells Peyton, Beaumont, TX, for plaintiff.

Richard John Urra, City of Houston, Houston, TX, for defendant.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is Plaintiff Trail Enterprises, Inc. d/b/a Wilson Oil Company's Motion to Remand (Document No. 5), to which City of Houston ("City of Houston") has filed its response in opposition.

Plaintiff filed this suit in the 80th Judicial Court of Harris County, Texas. Plaintiff alleges that it is the oil and gas lessee of certain acreage in the vicinity of Lake Houston, that the City of Houston has enacted a city ordinance prohibiting the drilling of oil and gas wells within a control area that encompasses Plaintiff's leased acreage, and that the City has failed to respond to Plaintiff's request for a variance to permit it to drill a certain well(s) within the control area.

Plaintiff alleges two causes of action, first, for declaratory judgment that the subject city ordinance is void for a number of assigned reasons, including an allegation that it is in violation of Article I, § 10, Clause 1 of the United States Constitution; and second, for inverse condemnation of its property, for which it seeks an award of actual damages. The claim for inverse condemnation is founded not only upon Article I, § 17 of the Texas Constitution, but also upon a claimed taking without just compensation in violation of the Fifth Amendment to the United States Constitution as incorporated with respect to the states by the Fourteenth Amendment of the United States Constitution.

■ In its Motion to Remand, Plaintiff concedes that its federal constitutional takings claims are not ripe, first, because there has not been a final and authoritative determination of the type and intensity of development legally permitted on the subject property and, second, because Plaintiff has not availed itself to the state procedures and been denied just compensation. The Court agrees. A takings claim under the United States Constitution is not ripe until the claimant has unsuccessfully attempted to obtain just compensation through the procedures provided by the state for obtaining such compensation. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 193–94, 105 S.Ct. 3108, 3120, 87

L.Ed.2d 126 (1985). Moreover, there is no showing that Texas's procedures for recovery of damages for a taking for public use are not adequate or that those procedures violate the United States Constitution. Indeed, Plaintiff acknowledged the adequacy of state procedures by filing its suit in state court to recover just compensation for what it claims has been a taking of its property.

In its response, the City of Houston simply relies upon Plaintiff's allegations for recovery under the Fifth and Fourteenth Amendments of the United States Constitution, and Plaintiff's other invocations of federal constitutional provisions, and therefore claims it is entitled to remove the case pursuant to 28 U.S.C. § 1441(a). This is not sufficient. If the claim under the Fifth and Fourteenth Amendments that Plaintiff's property has been taken for a public use without just compensation is unripe, then the district court has no jurisdiction to consider that claim. *Williamson County,* 473 U.S. at 193–94, 105 S.Ct. at 3120; *see also Samaad v. City of Dallas,* 940 F.2d 925 (5th Cir.1991). Because the federal constitutional claims of an uncompensated taking for the public use are unripe, this Court has no federal question jurisdiction over the federal takings claims.

■ The principles enunciated in this Memorandum have more often arisen in actions filed by plaintiffs alleging a Fifth Amendment takings claim in federal court before having unsuccessfully exhausted one's state's remedies. In those instances the case is subject to dismissal for lack of subject matter jurisdiction under the ripeness doctrine. *See, e.g., Jama Construction v. City of Los Angeles,* 938 F.2d 1045 (9th Cir.1991), *cert. denied,* 503 U.S. 919, 112 S.Ct. 1293, 117 L.Ed.2d 516 (1992); *Southern Pacific Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 508 (9th Cir.1990), *cert. denied,* 502 U.S. 943, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991). A plaintiff who is required first to proceed in state court, but desires later to bring his Fifth Amendment takings claim in federal court, must then be concerned whether to allege the Fifth Amendment takings claim in state court or, if not alleged, nonetheless run the risk that adjudication of the state takings claim will bar a later federal takings claim

under res judicata principles and state preclusion law. This complex area of takings law is still developing. *See, e.g., Dodd v. Hood River County,* 59 F.3d 852 (9th Cir. 1995) (district court should first determine whether issue preclusion bars Fifth Amendment takings claim expressly reserved by plaintiff in prior state court action under the state takings clause); *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362 (9th Cir.1993) (federal takings claim barred by res judicata based on state court judgment even though plaintiff failed explicitly to plead federal constitutional violations in state court complaint); *Fields v. Sarasota Manatee Airport Authority,* 953 F.2d 1299 (11th Cir.1992) (plaintiffs who failed to reserve their federal constitutional claims in Florida state court were later barred from litigating those claims under principles of res judicata). In the case at bar, however, Plaintiff is willing and desirous to litigate both state and federal claims in state court. Regardless, remand to the state court is required in view of this Court's lack of subject matter jurisdiction on ripeness grounds. *Reahard v. Lee County,* 30 F.3d 1412 (11th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1693, 131 L.Ed.2d 557 (1995).[1]

■ The other claim alleged by Plaintiff is for a declaratory judgment that the challenged city ordinance is void. The Federal Declaratory Judgment Act ("Act") provides in part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). As is evident from the word "may," the Act does not grant litigants an absolute right to a legal determination. The grounds alleged for a declaratory judgment are primarily based upon state law, and involve issues of whether the city ordinance has been adopted in accordance with state law or in violation of the Texas Constitution. There is also an allegation that the ordinance impairs the contractual rights of Plaintiff in violation of Article I, § 10, Clause 1 of the United States Constitution, but this does not appear to be the focal point of Plaintiff's arguments that the city ordinance is invalid. Because the Fifth Amendment takings claim is not ripe for adjudication in federal court, there will be a state court suit involving the same parties and fundamentally the same controversy that is the subject of the declaratory judgment claim. Given that fact, along with the observation that state law and state constitutional issues are predominantly involved in Plaintiff's challenge to the city ordinance, it may arguably be an abuse of discretion if this Court were to retain the declaratory judgment claim. *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.,* 964 F.2d 1571, 1581 (5th Cir.1992). In any event, this Court declines to accept jurisdiction over the declaratory judgment claim. 28 U.S.C. § 2201.

Defendant's remaining argument, that Plaintiff's Motion to Remand is not properly before the Court is without merit, and is

1. As an alternative to remanding the entire case, Plaintiff in the case at bar suggests the possibility of a partial remand, retaining the federal claims and remanding the state law claims to state court. In opposition, the City argues that to bifurcate the state and federal claims "would be unduly burdensome, requiring both parties to try legal issues that are inexorably intertwined." Defendant City of Houston's Response to Plaintiff's Motion to Remand, 3. Bifurcation of the issues is the course followed by the district court in *Standard Materials, Inc. v. City of Slidell,* 1994 WL 285043 (E.D.La.1994). In *Standard Materials* the court severed from the removed state court case the Fifth Amendment takings claim, remanded to state court the remainder of the case, and then dismissed without prejudice the federal takings claim. In doing so, the court expressed the view that if the federal takings claim is not ripe for the federal district court to decide, "neither is it ripe for the state court to decide." *Id.* at 8. Although there is an appealing logic in that view, it leaves unresolved, and the court did not address, the res judicata and issue preclusion issues above discussed. In other words, whether "ripe" for the state court or not, the federal takings claims may be precluded by litigation of the state takings claims in state court. Certainly in this case, where Plaintiff has moved in the first instance to remand the entire case, and where Defendant City of Houston opposes a bifurcation of issues, the state and federal claims should not be divided.

DENIED. Plaintiff's request for recovery of costs and attorney's fees incurred as a result of Defendant's removal of the case is DENIED.

Because this Court lacks subject matter jurisdiction over the Fifth and Fourteenth Amendment claims because they are unripe, and because the Court declines to accept jurisdiction over the declaratory judgment claim challenging the validity of a city ordinance primarily under state statutory and constitutional law, Plaintiff's Motion to Remand is GRANTED. It is therefore

ORDERED that this case is REMANDED to the 80th Judicial District Court of Harris County, Texas.