124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arcadio S. ACUNA, Plaintiff-Appellant,
v.
Steven CAMBRA, Jr., Warden; C. Marshall, Warden; A.L.
Bell; J.M. Briddle; D. Helsel; T. Felker; C. Shepard;
H. Watkins; P.B. Long; D. Martel; J.R. Reagan; N. Fero,
Corr. Counselor, Defendants-Appellees.
 No. 96-15398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.*
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Norther District of San Francisco, No. CV-95-04575-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arcadio S. Acuna, a California state prisoner, appeals pro se the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action, alleging that prison officials violated his constitutional rights and various state statutes by keeping uncorroborated confidential information in his prison file.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, See Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we affirm.
 
 
 3
 Federal courts must give a state court judgment the same preclusive effect as it would be entitled to in the courts of the state in which it was entered. See 28 U.S.C. § 1738; Palomar Mobilehome Park Ass'n. v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993). Under California law, a valid final judgment on the merits in favor of the defendant bars relitigation of the same cause of action. See Slater v. Blackwood, 543 P.2d 593, 594 (Cal.1975). California employs the "primary rights" theory to determine whether a successive claim involves the same "cause of action." See id. Under this theory, a plaintiff must bring, in one cause of action, all claims and legal theories arising out of the invasion of one primary right. See id. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake." See Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir.1985) (citation omitted).
 
 
 4
 Here, the California Superior Court denied Acuna's mandamus petition alleging that Warden Charles Marshall violated the Information Practices Act, Cal. Civ.Code § 1798, and other state statutes by keeping uncorroborated information in his prison file. Acuna also alleged in his mandamus petition that Marshall based his decision to house him in the Special Housing Unit on the uncorroborated information.
 
 
 5
 Acuna subsequently filed a 42 U.S.C. § 1983 action in the federal district court alleging that prison officials violated his Equal Protection and Due Process rights by keeping uncorroborated information in Acuna's prison file and basing administrative decisions on that information. Acuna also asserted the same state claims, and alleged the same facts, as he did in the state court mandamus action.
 
 
 6
 Acuna's section 1983 action alleged the same injury and the same wrongful conduct that he alleged in his state court mandamus proceeding. Accordingly, the same primary right is at stake. See id. Although Acuna did not raise the Due Process and Equal Protection claims in the state court mandamus proceeding, res judicata applies not only those claims actually litigated in the first action, but also those claims which might have been litigated as part of that cause of action.[2] See id. at 786. Accordingly, the district court did not abuse its discretion by finding that Acuna's section 1983 action was barred by res judicata. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Acuna's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed under 28 U.S.C. § 1915(d). The former Section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-155, 110 Stat. 1321 (1996) ("PLRA"). The portion of § 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 A section 1983 claim may be brought in be brought in California State court, see Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985), and a claim involving federal constitutional rights may be joined to a California mandamus action, see Gallagher v. Frye, 631 F.2d 127, 130 (9th Cir.1980)