**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SETZLER, an individual, | No. 09-15463 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-05792-SI |
| v. | MEMORANDUM [*] |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 10, 2010 [**]
San Francisco, California

Before: HALL, NOONAN and THOMAS, Circuit Judges.

William Setzler appeals from the district court's order dismissing his complaint. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

The district court correctly concluded that, to the extent that Setzler's procedural due process claim is based on the City's alleged "concealment" of evidence relating to his application for disability retirement, it is barred by the doctrine of collateral estoppel. *See First Nat'l Bank v. Russell (In re Russell)*, 76 F.3d 242, 244-45 (9th Cir. 1996) (collateral estoppel applies where issues at stake were actually litigated by a party against whom preclusion is asserted and were necessary to the earlier judgment). The record demonstrates that this issue was actually litigated in Setzler's second state court proceeding, in which the trial court held that "Setzler has not shown that the City wrongfully concealed evidence or engaged in fraud or perjury."

Setzler's remaining claims are barred by the doctrine of res judicata. Setzler could have, but did not, bring his § 1983 claim with his state court petitions for a writ of mandamus. *See Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1175 (1983) ("If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised") (citation omitted). A claim involving federal constitutional rights may be joined to a California mandamus action, *see Gallagher v. Frye*, 631 F.2d 127, 130 (9th Cir. 1980), and a California court may grant relief in the form of damages together with a writ of mandamus regarding the

2

same action, *see* Cal. Civ. Pro. Code §§ 1090, 1095 (1990); *see also Ohton v. Bd. of Trustees of Cal. State Univ.*, 148 Cal.App.4th 749, 767 (2007) ("there is no procedural bar to combining a petition for mandamus with a complaint for damages").

Setzler also argues that the superior court's decision should not be given preclusive effect because the litigation did not encompass a due process claim or a claim for relief based on Setzler's emotional distress stemming from the City's alleged unlawful conduct.  However, the fact that a present action alleges different claims for relief than a prior proceeding is not a bar to preclusion.  *Mfg'ed Home Communities v. City of San Jose*, 420 F.3d 1022, 1031-32 (9th Cir. 2005).

**AFFIRMED.**