BERZON, Circuit Judge,
dissenting:
I respectfully dissent. The majority’s overall approach to the claim preclusion effect of a denial of mandamus is consistent with two of our prior cases, Takahashi v. Board of Trustees of Livingston Union School District, 783 F.2d 848 (9th Cir.1986), and Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022 (9th Cir.2005). But it is not consistent with an earlier opinion, Gallagher v. Frye, 631 F.2d 127 (9th Cir.1980). California case law after Gallagher is somewhat murky, but my reading of the California Supreme Court cases indicates that, were it to address the question, the California Supreme Court would hold that denials of mandamus can have issue but not claim preclusive effect as to causes of action sounding in tort, or, by analogy, § 1983 actions. See Kavanau v. Santa Monica Rent Control Bd., 16 Cal.4th 761, 779, 66 Cal.Rptr.2d 672, 941 P.2d 851 (1997) (citing exceptions to the general rule against splitting claims); Westlake Cmty. Hosp. v. Superior Court, 17 Cal.3d 465, 484, 131 Cal.Rptr. 90, 551 P.2d 410 (1976) (requiring mandamus review prior to institution of a tort action for denial of medical staff privileges); Hollywood Circle, Inc. v. Dep’t of Alcoholic Beverage Control, 55 Cal.2d 728, 733, 13 Cal.Rptr. 104, 361 P.2d 712 (1961) (holding that judgments on the merits in mandamus proceedings have issue preclusive effect). Thus, if we needed to determine the claim preclusion impact of mandamus denials under California law, we would probably have to go en banc to reconcile Gallagher with Takahashi and Manufactured Home — or, perhaps better, certify the question, which is a recurring one, to the California Supreme Court.
I would not, however, take that course in this case, as I do not believe there would be claim preclusive effect even if California’s usual “primary rights” test for claim preclusion were applicable. It is facile to define the injury Wolin suffered as the denial of a promotion, and to characterize her claims in the state and federal proceedings as merely two different theories as to why that denial was wrongful: first, because it violated the terms of a consent decree, and second, because it resulted *334 from the employer’s discrimination against Wolin on the basis of her sex. While, “under the primary rights theory, the determinative factor is the harm suffered,” Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 798, 108 Cal.Rptr.3d 806, 280 P.3d 842 (2010), the same wrongful conduct can violate different primary rights, see Le Parc Cmty. Ass’n v. Workers’ Comp. Appeals Bd., 110 Cal.App.4th 1161, 1170-72, 2 Cal.Rptr.3d 408 (2003) (holding that a claim for workers’ compensation benefits and a tort action for damages do not involve the same primary right). If we follow the California Supreme Court’s definition of a “cause of action” as the primary right and the breach of the corresponding duty, taken together, Boeken, 48 Cal.4th at 792, 108 Cal.Rptr.3d 806, 230 P.3d 342, then the causes of action in Wolin’s state and federal court proceedings are not the same. In one action, the duty allegedly breached by the LAPD was the duty to comply with the hiring targets identified in the Hunter-LALEA consent decree; in the other, it was the duty not to discriminate against an individual employee on the basis of her sex. Put another way, the harm suffered in the first instance was the harm of breach of promise, while the harm suffered in the second instance was the indignity of discrimination.
In Takahashi, the duty at issue in the plaintiffs state court action subsumed the duty at issue in her federal action: her mandamus action concerned the employer’s obligation not to terminate her without cause, while her § 1983 action concerned the obligation not to terminate her because of her sex and ethnic origin. 783 F.2d at 849. The latter duty is just a more specific obligation within the former duty, in that an individual’s sex or ethnic origin can never be cause for termination. Here, however, the settlement agreement allegedly breached ostensibly provided for promotion of individual women who had never been discriminated against, and so did not encompass the right to equal protection, which is the basis of Wolin’s § 1983 action.
While the LAPD might not have had an affirmative duty under the Hunter-LA-LEA consent decree to promote Wolin on account of her sex, it had a duty not to deny her a promotion for which she was otherwise qualified on account of her sex. These duties are different, as are the primary rights invoked.
Because Wolin alleged the violation of different primary rights in the mandamus action and in this case, I would reverse the holding to the contrary and remand the case.